RUPPERT *v.* PATRONS' MUTUAL FIRE-INSURANCE CO.

EQUITY — JURISDICTION — ADEQUATE REMEDY AT LAW — FIRE IN-SURANCE POLICY—MISTAKE.

A bill by the insured in a fire-insurance policy setting up that in consequence of his imperfect understanding of English he gave the wrong answer to the question of the insurer's agent with respect to incumbrances upon the property, that the company refuses to pay a loss upon the policy because of said misrepresentation, that the incumbrance in nowise contributed to the loss, and praying that the loss may be determined and decreed to complainant, states a contract of insurance enforceable in an action at law and states no case for the equity side of the court.

Appeal from Monroe; Lockwood, J.  Submitted April 10, 1906.  (Docket No. 35.)  Decided September 20, 1906.

Bill by Fred Ruppert against the Patrons' Mutual Fire-Insurance Company, Limited, of Monroe county, to enforce a policy of insurance.  From a decree for complainant, defendant appeals.  Reversed, and bill dismissed.

*C. A. Golden,* for complainant.

*Willis Baldwin* and *John J. Kiley,* for defendant.

McALVAY, J. Complainant on January 19, 1905, was in the occupancy and possession of certain farm lands in Monroe county, together with the buildings thereon and personal property used in connection therewith. On that date a local director of defendant company, a Michigan corporation, solicited insurance in said company of the buildings and personal property. An application, among other things, contained the following:

"I do hereby make true answers to the following questions as the facts now are. * * * In whom is the title to the property both real and personal? Fred Ruppert. * * * Is any of it incumbered? If so what is the amount of the incumbrance? No. * * * And the undersigned states and warrants for the purpose of obtaining such insurance, the representations and statements herein to be the truth and agrees that this application together with the policy of said company, its articles of association and by-laws are a part of the contract of insurance with said company, and that no statements, agreements or representations shall be of any effect not contained in said writings. * * * I accept this insurance subject to the articles of association and rules and by-laws of said company now in force or that may hereafter be in force."

Upon this application and the payment of the required amount of money, a policy of insurance was issued January 24, 1905, to complainant upon the dwelling house and contents, the barns and contents, including live stock and so forth, granary and contents, toolhouse and contents, and poultry house, specifying the amount of insurance placed on each item, the total being $1,700, against loss or damage by fire or lightning, during the term of five years from January 19, 1905, "as specified in the articles of association and by-laws printed hereon, and which are signed by the assured and which are together with the application a part of this policy and agreement." At the time the policy issued complainant's mother had a life estate in the premises and complainant had mortgaged the premises for $1,300, all of which was unknown to defendant company. On January 29, 1905, a part of this prop-

erty so insured was destroyed by fire.    Soon after the fire complainant made out a statement of his loss, and furnished the same to the company.    The loss was adjusted by the officers of the company February 4, 1905, at $347.38. On February 24th defendant notified complainant that the claim would not be paid.    March 13th complainant received notice that the arbitration committee would meet March 16th, and to be present if he desired to appear in regard to his claim.    He appeared with his attorney and was examined as to his loss.    On March 31st he received notice from the arbitration committee that because of fraud and false representations as to incumbrances on the property defendant was not liable to him for any loss under the policy.    This is the first notice he had that defendant refused to pay on that account.    Afterwards complainant filed his bill of complaint in this cause, setting up the facts hereinbefore stated, alleging that he answered "No" to the question which was asked by the agent who took the application for insurance relative to any incumbrance on his property; that he is a German, understanding the English language imperfectly, and did not understand the meaning of the word "incumbrance," and thought when the question was asked by the agent that he was inquiring whether his sister (an heir at law of his deceased father) had any interest in the property.    He says he knew the meaning of the word "mortgage," and if asked whether there was any mortgage upon the property he would have understood and answered that there was, and alleges that it was through mistake, and his ignorance of the English language, and because he was not asked if there was any mortgage upon the premises that the application states incorrectly that there was no incumbrance upon the property; further, that the existence of the mortgage upon said property in no manner contributed to the destruction thereof; that defendant was in no manner injured or defrauded because of the existence of said mortgage; and that under the statute of this State defendant is not relieved from its liability for the loss so sustained

by him because of said mortgage. The prayer of the bill asks that the loss sustained by him by reason of the destruction of the property insured be ascertained and determined, and the percentage to which he is entitled by the terms of the policy be decreed by the court to be paid by defendant, and also for general relief. Defendant answered the bill of complaint, and coupled with its answer a demurrer in due form as required by rule, duly certified by the solicitors, for the following reasons:

1. Because complainant has not made or stated such a case as entitles him to relief.

2. Because complainant has a complete and adequate remedy at law.

3. Because the bill of complaint attempts to set up a new contract to the terms of which defendant never agreed and upon which relief depends.

A replication was filed and by stipulation proofs were taken in open court. The court in his opinion found the facts as claimed by complainant, and that he was entitled to the amount of the loss as adjusted, with interest, and granted a decree in his favor for that amount, with costs.

Defendant appeals from this decree, and urges upon this court that the demurrer should have been sustained. It will be necessary to consider but one of the grounds of demurrer, namely, that a court of equity has no jurisdiction of the case because complainant has an adequate remedy at law. We do not find that the bill of complaint alleges sufficient to bring the case within equity jurisdiction. The allegations constitute a contract of insurance enforceable at law. No fraud, deceit, or misrepresentation is charged, nor does the bill seek for an accounting, or a reformation of the contract. The allegations relative to the mistake in answering a question in the application by reason of ignorance of the English terms used, together with the other allegations as to the acts and conduct of the officers of the defendant, show that these are questions of fact to be tried out on the law side of the court before a jury, in an action upon the insurance contract. An ex-

amination of the proofs taken upon these matters, which were the only disputed questions in the case, makes this the more apparent. The demurrer should have been sustained.

For the reasons given, the decree of the circuit court is reversed and set aside, and the bill of complaint dismissed without prejudice, with costs of both courts to defendant.

CARPENTER, C. J., and GRANT, BLAIR, and MOORE, JJ., concurred.